UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Robert Johnson, Jr.,
    Claimant

    v.                                              Civil No. 05-cv-046-SM
                                                   Opinion No. 2005 DNH 153

Jo Anne B. Barnhart, Commissioner,
U.S. Social Security Administration,
    Respondent

**O R D E R**

Pursuant to 42 U.S.C. § 405(g), claimant, Robert Johnson, Jr., moves to reverse the Commissioner's decision denying his application for Social Security Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 423 (the Act). Respondent objects and moves for an order affirming her decision. For the reasons set forth below, the Commissioner's motion for an order affirming her decision is denied, and claimant's motion for an order reversing the Commissioner's decision is granted to the extent it seeks remand for further proceedings.

**Factual Background**

I. <u>Procedural History</u>.

In July of 2002, claimant filed an application for disability insurance benefits under Title II of the Act, alleging that he had been disabled since October 1, 2001, due to back and neck pain, bilateral carpal tunnel syndrome, epicondylitis ("tennis elbow"), and a rotator cuff injury.  The Social Security Administration denied his application and claimant requested a hearing before an Administrative Law Judge ("ALJ").  Following that hearing, the ALJ denied claimant's application, concluding that he remained able to perform a significant number of light jobs in the national economy through April 28, 2004, the date of the ALJ's decision.  On December 23, 2004, the Appeals Council denied claimant's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner.

In response, claimant filed this timely action, asserting that the ALJ's decision was not supported by substantial evidence and seeking a judicial determination that he is disabled within the meaning of the Act.  Claimant then filed a "Motion for Reversal of the Commissioner's Decision Denying Disability

Benefits" (document no. 6).  The Commissioner objected and filed a "Motion for Order Affirming the Decision of the Commissioner" (document no. 9).  Those motions are pending.

II.  Stipulated Facts.

Pursuant to Local Rule 9.1(d), the parties have submitted a comprehensive statement of stipulated facts which, because it is part of the court's record (document no. 10), need not be recounted in this opinion.  Those facts relevant to the disposition of this matter are discussed as appropriate.

**Standard of Review**

I.  Properly Supported Factual Findings by the ALJ
    are Entitled to Deference.

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  Factual findings of the Commissioner are conclusive if supported by substantial evidence.  See 42 U.S.C. § 405(g); Irlanda Ortiz v. Secretary of Health & Human Services,

955 F.2d 765, 769 (1st Cir. 1991).[1]  Moreover, provided the ALJ's findings are supported by substantial evidence, the court must sustain those findings even when there may also be substantial evidence supporting the adverse position.  See Tsarelka v. Secretary of Health & Human Services, 842 F.2d 529, 535 (1st Cir. 1988) ("[W]e must uphold the [Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence.").  See also Rodriguez v. Secretary of Health & Human Services, 647 F.2d 218, 222-23 (1st Cir. 1981).

In making factual findings, the Commissioner must weigh and resolve conflicts in the evidence.  See Burgos Lopez v. Secretary of Health & Human Services, 747 F.2d 37, 40 (1st Cir. 1984) (citing Sitar v. Schweiker, 671 F.2d 19, 22 (1st Cir. 1982)).  It is "the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence.

---

[1] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  It is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.  Consolo v. Federal Maritime Comm'n., 383 U.S. 607, 620 (1966).

Indeed, the resolution of conflicts in the evidence is for the [Commissioner] not the courts." Irlanda Ortiz, 955 F.2d at 769 (citation omitted). Accordingly, the court will give deference to the ALJ's credibility determinations, particularly where those determinations are supported by specific findings. See Frustaglia v. Secretary of Health & Human Services, 829 F.2d 192, 195 (1st Cir. 1987) (citing Da Rosa v. Secretary of Health & Human Services, 803 F.2d 24, 26 (1st Cir. 1986)).

II. The Parties' Respective Burdens.

An individual seeking Social Security disability benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act places a heavy initial burden on the claimant to establish the existence of a disabling impairment. See Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987); Santiago v. Secretary of Health & Human Services, 944 F.2d 1, 5 (1st Cir. 1991). To satisfy that burden, the claimant must prove that his

5

impairment prevents him from performing his former type of work. See Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985) (citing Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 7 (1st Cir. 1982)). Nevertheless, the claimant is not required to establish a doubt-free claim. The initial burden is satisfied by the usual civil standard: a "preponderance of the evidence." See Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982).

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) the claimant's subjective assertions of pain and disability, as supported by the testimony of the claimant or other witnesses; and (3) the claimant's educational background, age, and work experience. See, e.g., Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote, 690 F.2d at 6. Provided the claimant has shown an inability to perform his previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that he can perform. See Vazquez v. Secretary of Health & Human Services, 683 F.2d 1, 2 (1st Cir. 1982). If the Commissioner shows the existence of other jobs that the claimant

can perform, then the overall burden to demonstrate disability remains with the claimant.  See Hernandez v. Weinberger, 493 F.2d 1120, 1123 (1st Cir. 1974); Benko v. Schweiker, 551 F. Supp. 698, 701 (D.N.H. 1982).

When determining whether a claimant is disabled, the ALJ is required to make the following five inquiries:

  (1)  whether the claimant is engaged in substantial gainful activity;

  (2)  whether the claimant has a severe impairment;

  (3)  whether the impairment meets or equals a listed impairment;

  (4)  whether the impairment prevents the claimant from performing past relevant work; and

  (5)  whether the impairment prevents the claimant from doing any other work.

20 C.F.R. § 404.1520.  Ultimately, a claimant is disabled only if his:

   physical or mental impairment or impairments are of
   such severity that he is not only unable to do his
   previous work but cannot, considering his age,
   education, and work experience, engage in any other
   kind of substantial gainful work which exists in the
   national economy, regardless of whether such work
   exists in the immediate area in which he lives, or

>   whether a specific job vacancy exists for him, or
>   whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

With those principles in mind, the court reviews claimant's motion to reverse and the Commissioner's motion to affirm the determination that claimant is not disabled.

**Discussion**

I.   <u>Background - The ALJ's Findings</u>.

In concluding that claimant was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. § 404.1520.  Accordingly, he first determined that claimant had not been engaged in substantial gainful employment since October, 2001.  Next, the ALJ concluded that the medical evidence of record indicates that claimant suffers from bilateral carpal tunnel syndrome, degenerative disk disease of the cervical spine, and epicondylitis - impairments that are "severe" within the meaning of the regulations.  But, the ALJ determined that those

impairments did not meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulation 4.

Next, the ALJ assessed claimant's residual functional capacity ("RFC") and concluded that he retained the ability to lift and carry no more than 20 pounds occasionally and 10 pounds frequently, sit for up to six hours during an eight-hour work day, stand for one-third of the day, and walk for two-thirds of the day.  But, the ALJ also concluded that claimant should avoid tasks that require overhead lifting.  Given those restrictions, the ALJ concluded that claimant could not perform his past relevant work.  At the final stage of the analysis, however, the ALJ concluded that claimant was capable of performing a substantial number of jobs available in the national economy and, therefore, was not disabled within the meaning of the Act through the date of his decision.

II.  Claimant's Assertions of Error.

In support of his motion to reverse or remand the ALJ's disability determination, claimant challenges two related aspects of the ALJ's decision.  First, he says the ALJ failed to take

into consideration the opinion of his treating physician, who stated that claimant had only a limited ability to reach in any direction. Next, he says the ALJ neglected to take into account his testimony about his inability to tolerate temperature extremes and outdoor working conditions (at least during winter months).

The Commissioner concedes that the ALJ failed to properly account for claimant's limited ability to reach and acknowledges that, when that factor is properly taken into consideration, claimant cannot perform four of the five jobs suggested by the vocational expert. Nevertheless, the Commissioner says that given his limitations, and even taking into consideration his asserted need to avoid temperature extremes, claimant can perform the remaining job – storage facility rental clerk (69,000 jobs nationally and 250 in New Hampshire).[2]

---

[2] Parenthetically, the court notes that, in support of her motion, the Commissioner develops, in some detail, the argument that a claimant's ability to perform a single job in the national economy – at least one with 69,000 national positions and 250 local positions – is sufficient to preclude finding that the claimant is disabled. The claimant does not, however, assert otherwise. Instead, he seems to implicitly agree that if he were able to perform the exertional and non-exertional requirements of a storage facility rental clerk, he would not properly be viewed as being disabled. See Claimant's memorandum at 4-5. The sole

While conceding that he retains the ability to perform the physical requirements of a storage facility rental clerk, claimant says his need to avoid temperature extremes precludes him from performing that job. Thus, he says that he cannot perform any of the five jobs suggested by the vocational expert – the four jobs the Commissioner agrees he cannot perform, as well as the job of storage facility rental clerk. Accordingly, he asserts that the decision of the ALJ should be reversed or, at a minimum, that the matter should be remanded to the ALJ.

Claimant's primary care physician, Gregory D. Opritza, M.D., completed two "Medical Source Statement of Ability to do Work-Related Activities (Physical)," on which claimant relies heavily to undermine the ALJ's disability determination – particularly with regard to claimant's limited ability to reach in any direction. But, in both January of 2003, and again in June of 2003, Dr. Opritza opined that, to the best of his knowledge,

---

focus of his argument is that, since "temperature extremes also bother his chronic painful condition," id. at 5, and because the job of storage facility rental clerk involves "some exposure to the outdoors," id., he cannot perform that job and is, therefore, disabled. Thus, the court need not address the first of the Commissioner's arguments in favor of her motion to affirm her decision denying disability benefits.

11

claimant's ability to perform work-related activities was not adversely affected by any environmental limitations, including "temperature extremes." Transcript at 286 and 297.

Nevertheless, the record does contain evidence of claimant's inability to tolerate temperature extremes, particularly cold weather. Specifically, claimant testified that his pain was worse on cold days and that he had to leave one of his prior jobs because it involved too much exposure to the outdoors during the winter. See Transcript at 35 (cold, rainy days are "bad days"); 38 (the cold weather causes pain and interferes with sleep); 41 (cold and damp days exacerbate his pain); 46 (cold winter weather forced him to quit his job as a gas station pump attendant).

Because the Commissioner concedes that claimant cannot perform the exertional and/or non-exertional requirements of four of the five jobs identified by the vocational expert, the focus is necessarily on the sole remaining job that the vocational expert identified: storage facility rental clerk. And, when presented with a hypothetical from claimant's representative which involved temperature extremes, the vocational expert seems

to have eliminated the rental clerk position (though his response was sufficiently ambiguous to make the point less than entirely clear).

> REP: Thank you, Your honor.  Howard, if we didn't want to expose this hypothetical worker to temperature extremes, what jobs would you eliminate?
>
> ALJ: You're giving all the same limitations as hypothetical number one –
>
> REP: Yes.
>
> ALJ: -- and adding to it?
>
> REP: Adding to it the restriction that the person should not be exposed to temperature extremes.
>
> VE: The job of a toll collector, the job of a delivery driver, and the job of <u>storage facility rental clerk</u> all involve, to a greater of lesser degree, some exposure to the outdoors.

Transcript at 60-61 (emphasis supplied).  Subsequently, the ALJ asked claimant's representative for the source of the limitation regarding temperature extremes.

> ALJ: Okay.  All right, I don't have any other questions, except that Mr. Reilly, where did you draw the limitation for temperature extremes?
>
> REP: I'm sorry, Your Honor.  It was based on his testimony, the temperature extremes.

        ALJ:  On his testimony, okay.  All right.

Id. at 61.


    In his written opinion, the ALJ generally addressed claimant's overall credibility (particularly with regard to his claims of disabling pain) and, in reaching his conclusion that claimant's complaints of pain were somewhat overstated, properly considered all the factors identified in both case precedent and applicable Social Security regulations.  The ALJ did not, however, discuss the evidence suggesting that claimant must avoid temperature extremes or exposure to outdoor working conditions.  And, because that non-exertional limitation, if credited, might well be determinative of claimant's disability claim (assuming, of course, that a vocational expert does not identify other jobs in the national economy that claimant can perform), the court is persuaded that the prudent course is to remand this matter to the ALJ and afford him the opportunity to directly address the issue.  If he deems it appropriate, the ALJ can convene another hearing and seek additional assistance from a vocational expert.  Alternatively, of course, he can simply issue a new opinion (or supplement his original opinion), disclosing the reasons he chose

not to credit claimant's testimony regarding temperature extremes and, instead, to adopt Dr. Opritza's opinion that such temperature extremes would not adversely affect claimant's ability to work.

## Conclusion

The court is aware that the existence of conflicting evidence in the record – here, claimant's testimony about his inability to tolerate temperature extremes versus his physician's opinion that such extremes are not a limiting factor in claimant's ability to work – does not necessarily preclude a finding that the ALJ's disability determination is supported by substantial evidence.  But, when there is such a conflict in the evidence, the ALJ must acknowledge that conflict and state his or her reasons for adopting one view and rejecting the other.  See generally 20 C.F.R. § 404.1529.  See also Social Security Ruling 96-7p, Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186 (July 2, 1996).  Here, the ALJ appears to have overlooked that conflict or, perhaps, simply forgot to include a discussion of it in his opinion.  Accordingly, remanding this matter to the ALJ for

further consideration seems the most appropriate course of action.

Having carefully reviewed the administrative record and the arguments advanced by both the Commissioner and claimant, the court concludes that the ALJ's determination that claimant was not disabled prior to the date of the ALJ's decision is not supported by substantial evidence in the record insofar as it omits any discussion of claimant's asserted inability to perform jobs that involve exposure temperature extremes and/or outdoor working conditions.

For the foregoing reasons, the Commissioner's motion to affirm her decision (document no. 9) is denied.  Claimant's motion to reverse the decision of the Commissioner (document no. 6) is granted in part and denied in part.  To the extent it seeks a remand of this matter to the ALJ for further consideration, it is granted.  In all other respects, it is denied.

Pursuant to sentence four of 42 U.S.C. § 405(g), this matter is remanded to the ALJ for further proceedings consistent with

this order. The Clerk of the Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

November 8, 2005

cc: Maureen R. Manning, Esq.
    David L. Broderick, Esq.

17